IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY GARRETT,

      Petitioner,

v.                                            Civil Action No. 1:17cv10
                                               Judge Keeley

J. SAAD, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On January 26, 2017, the *pro se* Petitioner, Anthony Garrett ("Garrett"), then an inmate incarcerated at FCI Gilmer[1] in Glenville, West Virginia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the predicate convictions underlying his enhanced sentence. ECF No. 1. Along with his petition, he filed a motion to proceed *in forma pauperis* ("IFP") and a copy of his Prisoner Trust Account Report with Ledger Sheets. ECF Nos. 2 & 3. By Order entered February 1, 2017, Petitioner's IFP motion was granted and he was directed to pay the five dollar filing fee. ECF No. 5. Petitioner paid the requisite fee on February 24, 2017. ECF No. 7.

On June 7, 2017, Magistrate Judge James E. Seibert conducted a preliminary review of the file, determined that summary dismissal was not appropriate at that time, and directed the Respondent to answer the petition. ECF No. 8. On June 28, 2017, the Respondent moved for an extension of time, which was granted by Order entered July 5, 2017. ECF Nos. 10 & 11. On July 11, 2017, the Respondent filed a Motion to Dismiss and Response to Order to Show Cause with a memorandum in support.  ECF Nos. 13 & 14.  Because Garrett was proceeding *pro se*, on July 12, 2017, a Roseboro Notice was issued. ECF No. 15.  Petitioner moved for an extension of time on

---

[1] Petitioner is now incarcerated at FCI Forrest City Low, in Forrest City, Arizona.

August 18, 2017, which was granted by Order entered August 22, 2017. ECF Nos. 17 & 18. Despite the extension of time, Petitioner did not file a response.

By Order entered on September 15, 2017, this case was reassigned from Magistrate Judge James E. Seibert to the undersigned.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. Factual and Procedural History[2]

### A. Conviction and Sentence

On April 14, 1993, in the United States District Court for the Southern District of Illinois, a Criminal Complaint was filed against Petitioner and two co-defendants in Case No. 4:93cr40032-3. ECF No. 1. On May 12, 1993, the grand jury returned a two-count indictment, charging Petitioner and his two co-defendants with conspiracy to distribute and possession with intent to distribute "crack cocaine" in violation of 21 U.S.C. § 846(a)(1) and (b)(A)(iii), and of using and carrying a firearm during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)-(2).

On November 17, 1993, after a 3-day jury trial, Petitioner was convicted of both charges. See ECF No. 65; see also United States v. Garrett, No. 93cr40032, 2015 WL 764024 (S.D. Ill. Feb. 23, 2015).

At his February 14, 1994 sentencing hearing, after finding that Garrett was a career offender under U.S.S.G. § 4B1.1, based on his prior violent felony convictions, the district court

---

[2] The facts are taken from the Petitioner's criminal Case No. 4:93cr40032-3 in the United States District Court for the Southern District of Illinois, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

sentenced him to consecutive terms of 360 months on the conspiracy charge and 120 months on the firearms charge, for a total of 480 months. ECF No. 87.

**B. Appeal**

On appeal, Petitioner raised three issues: 1) whether his pretrial detention violated the Speedy Trial Act; 2) whether the district court erroneously applied the career offender guideline at sentencing; and 3) whether the evidence was sufficient to prove drug amount. See United States v. Garrett, 45 F.3d 1135, 1136. (7th Cir. 1995). On January 25, 1995, the Seventh Circuit affirmed Petitioner's conviction and sentence. Id. at 1141. Petitioner sought a writ of *certiorari* to the Supreme Court of the United States; it was denied on May 22, 1995. See Garrett v. United States, 514 U.S. 1134 (1995).

**C. Motions to Vacate**

On April 14, 1997, Petitioner filed his first § 2255 motion to vacate, arguing that the United States Sentencing Commission exceeded its authority by making USSG 4B1.1 applicable to conspiracies such as his own, and that his conviction as to Count Two of the indictment (use of firearms during commission of a felony) should be vacated in light of Bailey v. United States.[3] See S.D. Ill. Case No. 4:97cv4016, ECF No. 1. By Order entered September 9, 1998, the district court vacated Petitioner's sentence for Count 2 (use of firearms during commission of a felony); denied the § 2255 motion to the extent it sought relief from Petitioner's drug conviction; and dismissed with prejudice his claim that the United States Sentencing Commission exceeded its authority. See S.D. Ill. Case No. 4:97cv4016, ECF No. 8.

Petitioner filed his second § 2255 Motion on January 27, 2005, seeking a sentence reduction on various grounds. See S.D. Ill. Case No. 4:05cv4009, ECF No. 1. By Order entered

---

[3] Bailey v. United States, 516 U.S. 137 (1995).

3

February 18, 2005, it was dismissed for lack of jurisdiction as an unauthorized second or successive petition.  See S.D. Ill. Case No. 4:05cv4009, ECF No. 2. Petitioner appealed.  On April 14, 2005, the appeal was dismissed for failure to pay the docketing fee.  See S.D. Ill. Case No. 4:05cv4009, ECF No. 7.

On November 17, 2016, pursuant to an Order by the sentencing court [see S.D. Ill. Case No. 4:97cv4106, ECF No. 10 at 3], Petitioner filed a 28 U.S.C. § 2244 application in the Seventh Circuit Court of appeals to file a second or successive § 2255 motion, pursuant to Johnson v. United States,[4] challenging his classification as a career offender because of his prior convictions of aggravated battery. On December 5, 2016, the Seventh Circuit denied Petitioner's application, holding that the Shepard documents[5] submitted with the government's response showed that in both cases, Petitioner was charged and pled guilty to aggravated battery by knowingly/intentionally causing bodily harm, which necessarily requires the use of force.  See Garrett v. United States, (7th Cir. ECF No. 5)(Case No. 16-3930). Accordingly, the Seventh Circuit held that the prior convictions for aggravated battery qualified as crimes of violence under the elements clause, and dismissed the application.  Id. at 2.

**D. Other Post-Conviction Attacks on Sentence**

On January 22, 2008, Garrett filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582 in the sentencing court. ECF No. 146.  By Order entered August 5, 2009, the motion was denied. ECF No. 157; see also United States v. Garrett, No. 93-cr-40032, 2009 WL 2413800 (S.D. Ill, Aug. 5, 2009).

---

[4] Johnson v. United States, 125 S.Ct. 2551 (2015).

[5] Under the "modified categorical approach" of determining whether a prior conviction meets the definition of certain category of offense, a court looks to limited materials from the convicting court, such as charging documents, plea agreements, plea colloquies, and jury instructions, often called Shepard documents, relying on Shepard v. United States, 544 U.S. 13, (2005)).

On September 26, 2011, Petitioner filed another Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582 in the sentencing court. ECF No. 159.

He filed a third Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582 on May 21, 2012. ECF No. 164. By Order entered January 16, 2013, the second Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582 was denied as moot. ECF No. 165. Counsel was appointed; by Order entered May 1, 2014, the third Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582 was dismissed for lack of jurisdiction. ECF No. 176; see also United States v. Garrett, 2014 U.S. Dist. LEXIS 60294 *; 2014 WL 1716717 (S.D. Ill. May 1, 2014).

On December 22, 2014, Petitioner filed a Motion for Sentence Reduction – USSC Amendment. By Order entered February 23, 2015, the motion was denied. ECF No. 179; see also United States v. Garrett, No. 93-cr-40032, 2015 WL 764024 (S.D. Ill. Feb. 23, 2015).

On October 24, 2016, in his first § 2255 civil case, eighteen years after it had been closed, Garrett filed a Motion re: Plain Error Rule 52(b).  See S.D. Ill. Case No. 4:97cv4106, ECF No. 10. By Order entered November 16, 2016, the court construed it as a third Motion to Vacate under 28 U.S.C. § 2255, as well as a motion for a sentence reduction pursuant to Amendments 750 and 782; directed the Clerk to refile the motion as one for a sentence reduction pursuant to Amendments 750 and 782 in Garrett's criminal case [see S.D. Ill. Case No. 4:97cv4106, ECF No. 11]; and to also [as noted *supra*] forward a copy of the motion to the Seventh Circuit for its possible consideration as a §2244 motion for leave to file a second or successive § 2244. See S.D. Ill. Case No. 4:97cv4106, ECF No. 10 at 3.

5

Thereafter, the Motion for Sentence Reduction Pursuant to Amendments 750 and 782 was filed in his criminal case. See S.D. Ill. Case No. 4:93cr40032-3, ECF No. 180. By Order entered December 13, 2016, the motion was denied for the same reasons his previous motion for sentence reduction was denied. See S.D. Ill. Case No. 4:93cr40032-3, ECF No. 181.

### III. Contentions of the Parties

#### A. The Petition

The Petitioner raises one ground for relief, arguing that pursuant to Descamps v. United States,[6] his predicate convictions of aggravated battery were not crimes of violence for purposes of the career offender guideline. ECF No. 1-1 at 2. Further, he argues, that he only served 30 days' time for one of his prior convictions for aggravated battery, so it could not be considered a crime resulting in at least one year's imprisonment. Id. at 3. He contends he is innocent of having the requisite predicate convictions to qualify as a career offender. Id. at 4.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because he suffered a fundamental defect in his conviction or sentence, grave enough to be considered a miscarriage of justice. Id. at 4.

As relief, the Petitioner requests that this Court find that "the 24 year[s] served is indeed adequate time to be served for the crime of crack cocaine[,] being that the law has changed . . . [and] pardon . . . [Petitioner's] sentence, as time served." Id. at 8

#### B. Respondent's Motion to Dismiss

In its dispositive motion, the respondent asserts that Garrett's petition should be dismissed because Petitioner's claim challenges the legality of his federal sentence itself as imposed, not the computation of his sentence, and such claims must normally be raised on

---

[6] Descamps v. United States, 133 S.Ct. 2276 (2013).

appeal, or raised by filing a § 2255 motion in the sentencing court. ECF No. 14 at 3. Respondent further argues that Petitioner's claims are barred because they cannot meet the stringent standard set by the Fourth Circuit in In re Jones.[7] Id. at 4. Respondent notes that Petitioner fails to state facts which could satisfy the Jones test, and cannot, because he cannot allege that the conduct for which he was convicted is no longer a crime. Petitioner only challenges his enhanced sentence, not his underlying conviction, but the Fourth Circuit confines the use of the savings clause to "instances of actual innocence of the underlying offense of conviction, not just innocence of a sentencing factor." Id. Finally, Respondent points out that Petitioner's reliance on Descamps is unwarranted, because even if Descamps were applicable to Petitioner's situation, Descamps does not change the substantive law, such that the conduct for which Petitioner was convicted is deemed to be no longer criminal. Id. at 5. Further, Descamps is not retroactively applicable to cases on collateral review. Id. at 6.

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

---

[7] In re Jones, 226 F.3d 328 (4th Cir. 2000).

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93 - 94 (2007)(*per curiam*). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### V. Analysis

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

9

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[8] Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 334-34); see also Rouse v. Wilson, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); Darden v. Stephens, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner's reliance on Descamps is unavailing. In Descamps, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. However, Garrett was sentenced as a career

---

[8] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 623 (1998).

offender under U.S.S.G. § 4B1.1, not as an armed career criminal under the ACCA. Accordingly, Descamps is inapplicable to his claim. Moreover, Descamps was decided in 2013; Petitioner was convicted in 1993, twenty years before that. Even if Descamps were applicable to Petitioner's situation, Descamps is not retroactively applicable cases on collateral review. Thus, it is inapplicable to judgments and sentences like Petitioner's that became final before it was decided. See, e.g., Groves v. United States, 755 F.3d 588, 593 (7th Cir.), *cert. denied*, 135 S. Ct. 501 (2014); Whittaker v. Chandler, 574 F. App'x 448, 449 (5th Cir. 2014) (*per curiam*) (unpublished); United States v. Montes, 570 F. App'x 830, 831 (10th Cir. 2014) (unpublished); Hooker v. United States, No. 5:02CR28-01, 2015 WL 366435, at *3 (N.D. W.Va. Jan. 26, 2015) (collecting cases and concurring with those federal courts of appeals that have concluded "that Descamps should not be applied retroactively.").

Although Garrett raises a savings clause argument, it is clear that he is not entitled to its application. Nowhere does he alleges that he is actually innocent of the crime for which he was convicted; rather, he only challenges the sentence imposed by the court. Even if Petitioner satisfied the first and third elements of Jones, his violation of 21 U.S.C. § 846(a)(1) and (b)(A)(iii) remains a criminal offense. Because Petitioner has not satisfied the requirements of § 2255's savings clause, under Fourth Circuit precedent, Petitioner is unable to seek relief under § 2241.[9]

---

[9] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. See Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same). However, the United States Supreme Court has yet to issue a decision that would support the opinions reached by those circuits. Therefore, this Court should continue to follow Fourth Circuit precedent as outlined above.

Therefore, because Petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 13] be **GRANTED** and that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: January 16, 2018

/s/ *Michael J. Aloi*
MICHAEL J. ALOI

UNITED STATES MAGISTRATE JUDGE

13