**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANTHONY GARRETT,**

      **Petitioner,**

**v.**              **// CIVIL ACTION NO. 1:17CV10**
                                **(Judge Keeley)**

**JENNIFER SAAD, Warden,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20] AND DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

On January 26, 2017, the pro se petitioner, Anthony Garrett ("Garrett"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. Nos. 1; 1-1). In his Petition, Garrett challenges the application of the career offender enhancement to his case under United States Sentencing Guideline § 4B1.1 (Dkt. No. 1-1 at 2-3). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred Garrett's Petition to the Honorable James E Seibert, United States Magistrate Judge, for initial review. The respondent, Warden Jennifer Saad ("Warden"), moved to dismiss the Petition on July 11, 2017 (Dkt. No. 13).

In a Report and Recommendation ("R&R") entered on January 16, 2018, Magistrate Judge Michael J. Aloi recommended that the Court deny and dismiss Garrett's Petition without prejudice (Dkt. No. 20).[1] Because petitioners typically must attack the validity of their sentence under § 2255, and Garrett has not established that

---

[1] On September 15, 2017, the case referral was reassigned to United States Magistrate Judge Michael J. Aloi.

**GARRETT V. SAAD**                                                    **1:17CV10**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20] AND
DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

§ 2255 is an inadequate or ineffective remedy pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), the R&R reasoned that Garrett cannot utilize § 2241 to challenge his career offender enhancement (Dkt. No. 20 at 12).

The R&R also informed Garrett of his right to file "written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections." Id. at 12. It further warned that the failure to do so may result in waiver of the right to appeal. Id. Although Garrett received the R&R on January 22, 2018 (Dkt. No. 21), he has not filed any objections.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**GARRETT V. SAAD**                                              **1:17CV10**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 20] AND DENYING AND DISMISSING PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. 2d at 603-04. Upon review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 20);

2) **GRANTS** the Warden's Motion to Dismiss (Dkt. No. 13); and

3) **DENIES** and **DISMISSES** Garrett's Petition **WITHOUT PREJUDICE** (Dkt. No. 1).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: February 27, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE